IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO._____ |
| v. | § § | |
| WILLIAM WILLIAMS, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Exxon Mobil Corporation ("ExxonMobil" or "Plaintiff") files this Original Complaint against William Williams ("Defendant").

### PARTIES

1. Plaintiff is a New Jersey corporation having its principal place of business at 5959 Las Colinas Boulevard, Irving, Texas 75039.

2. Upon information and belief, Defendant is an individual with an address of 1 Pine House Road, Trenton, South Carolina 29847.

### NATURE OF ACTION AND JURISDICTION

3. This is an action for trademark infringement, counterfeiting, dilution, unfair competition, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and for trademark infringement, dilution, unfair competition, and unjust enrichment under the laws of the State of South Carolina.

4. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over ExxonMobil's claims under state law under 28 U.S.C. § 1367(a).

5. Upon information and belief, Defendant regularly conducts business in South Carolina and a substantial part of the events giving rise to the acts complained of herein occurred in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

6. This matter is properly assignable to the Greenwood Division pursuant to Local Civil Rule 3.01 (D.S.C.).

## FACTS

### I.  ExxonMobil's Trademarks and Trade Dress

7. ExxonMobil, along with its predecessors and affiliates, is the world's largest publicly traded international oil and gas company.

8. Since at least as early as 1967, ExxonMobil has continuously used the mark EXXON in commerce in connection with a wide variety of products and services, including the sale and promotion of motor fuels, motor oils, lubricants and other petroleum products, chemical products, and various other products and services.

9. EXXON branded stations are among the most widespread and recognizable service stations in the United States. There are thousands of EXXON branded retail stations in the United States with billions of dollars in annual sales.

10. Over the years, ExxonMobil has invested many millions of dollars advertising and promoting its EXXON branded goods and services, and has expended great efforts to ensure that its products and services meet high standards of quality, safety, and performance. As a result, ExxonMobil has developed goodwill, public recognition, and strong rights in its marks, which consumers have come to know and trust as symbols of quality and value.

11. Since at least 1971, ExxonMobil has continuously used in commerce the mark EXXON in a stylized format that includes a distinctive Interlocking X Device, such as in the

famous Exxon Emblem and stylized Exxon Logo shown below, on or in connection with its products and services.



12. ExxonMobil has also long used in commerce the Interlocking X Device as a mark standing alone, as shown immediately below, on or in connection with its products and services.



13. The mark EXXON, the Exxon Emblem, the Exxon Logo, and the Interlocking X Device are hereinafter collectively referred to as the "Exxon Marks." Each of the Exxon Marks is owned by ExxonMobil.

14. The Exxon Marks are inherently distinctive, serving to identify and indicate the source of ExxonMobil's products and services to the consuming public, and to distinguish ExxonMobil's products and services from those of others.

15. Additionally and alternatively, as a result of ExxonMobil's frequent and widespread use and promotion of the Exxon Marks, the marks have become distinctive to designate ExxonMobil's goods and services, to distinguish ExxonMobil's goods and services from the goods and services of others, and to distinguish the source or origin of ExxonMobil's goods and services.

16. ExxonMobil has invested considerable effort and resources in developing, using, advertising, and promoting the Exxon Marks in the United States, and over an extensive period of time. Sales under the Exxon Marks have been very significant.

17.     As a result of extensive and widespread use and promotion by ExxonMobil, the Exxon Marks have become well known and widely recognized by consumers in the State of South Carolina and throughout the United States to indicate the source of ExxonMobil's goods and services.

18.     As a result of ExxonMobil's extensive and widespread use and promotion of the Exxon Marks, ExxonMobil has developed valuable goodwill in the Exxon Marks.

19.     The Exxon Marks are famous.

20.     ExxonMobil has also adopted and long used in commerce a distinctive trade dress for EXXON branded stations, including distinctive signage ("Exxon Signage"), a federally registered canopy-wrap design (covering the perimeter of the canopy over the fuel island) ("Exxon Canopy Wraps"), and other distinctive components at EXXON branded stations, examples of which are shown below (collectively, the "Exxon Trade Dress").  The Exxon Trade Dress is designed and produced exclusively for use at EXXON branded stations.  Relevant consumers recognize and rely upon the Exxon Trade Dress as an indicator of origin and as a symbol of quality and value.



21.     The Exxon Trade Dress is inherently distinctive, serving to identify and indicate the source of ExxonMobil's products and services to the consuming public, and to distinguish ExxonMobil's products and services from those of others.

4

22. Additionally and alternatively, as a result of ExxonMobil's frequent and widespread use and promotion of the Exxon Trade Dress, the Exxon Trade Dress has become distinctive to designate ExxonMobil's goods and services, to distinguish ExxonMobil's goods and services from the goods and services of others, and to distinguish the source or origin of ExxonMobil's goods and services.

23. ExxonMobil has invested considerable effort and resources in developing, using, advertising, and promoting the Exxon Trade Dress in the United States, and over an extensive period of time. Sales under the Exxon Trade Dress have been very significant.

24. As a result of extensive and widespread use and promotion by ExxonMobil, the Exxon Trade Dress has become well known and widely recognized by consumers in the State of South Carolina and throughout the United States to indicate the source of ExxonMobil's goods and services.

25. As a result of ExxonMobil's extensive and widespread use and promotion of the Exxon Trade Dress, ExxonMobil has developed valuable goodwill in the Exxon Trade Dress.

26. The Exxon Trade Dress is famous.

27. ExxonMobil owns numerous federal trademark registrations for the Exxon Marks and the Exxon Trade Dress, including but not limited to the following: (i) U.S. Reg. No. 902,044 for the mark EXXON; (ii) U.S. Reg. Nos. 3,736,429 and 3,736,430 for the Exxon Logo; (iii) U.S. Reg. Nos. 968,512, 3,594,891, and 4,525,814 for the Exxon Emblem; (iv) U.S. Reg. Nos. 2,305,494 and 2,902,588 for the Interlocking X Device; and (v) U.S. Reg. Nos. 3,968,415, 3,960,414, and 3,872,303 for the Exxon Canopy Wraps. Registration Nos. 902,044, 968,512, 2,305,494, 2,902,588, and 3,594,891 are incontestable under 15 U.S.C. § 1065. Such registrations constitute conclusive evidence of the validity of the registered marks and of the registration of the marks, of

the registrant's ownership of the marks, and of the registrant's exclusive right to use the registered marks in commerce under 15 U.S.C. § 1115(b).

## II. Defendant's Unauthorized Use of the Exxon Marks and Exxon Trade Dress

28. Upon information and belief, Defendant owns or operates a service station located at 799 SC Highway 121, Johnston, South Carolina 29832. This station is hereafter referred to as the "Infringing Site."

29. Defendant displays at the Infringing Site, without authority, the Exxon Logo and Exxon Canopy Wrap (collectively, the "Infringed Exxon Marks and Trade Dress"). Representative images of the Infringed Exxon Marks and Trade Dress are shown immediately below:





30. ExxonMobil informed Defendant that he has no authority to display the Infringed Exxon Marks and Trade Dress and demanded that he cease all use of ExxonMobil's trademarks

6

and trade dress, including, without limitation, permanently removing all elements of the trademarks and trade dress from the Infringing Site.

31.     Defendant has failed to remove the Infringed Exxon Marks and Trade Dress, and continues to infringe the Exxon Marks and the Exxon Trade Dress.

32.     Upon information and belief, Defendant owns or operates the Infringing Site as an independent station selling gasoline that is not genuine EXXON branded gasoline. By using the Infringed Exxon Marks and Trade Dress to promote the sale of gasoline that is not genuine EXXON branded gasoline, Defendant is selling counterfeit gasoline.

33.     Upon information and belief, Defendant has set out on a deliberate course of conduct to deceive consumers into believing that the Infringing Site is connected, associated, or affiliated with ExxonMobil in order to trade on ExxonMobil's valuable goodwill. Defendant's efforts to deceive the public into believing the Infringing Site is affiliated with ExxonMobil include Defendant's intentional use of the Infringed Exxon Marks and Trade Dress in commerce at the Infringing Site, even though Defendant has no permission to do so and is not currently affiliated with ExxonMobil in any way.

34.     Defendant's use of the Infringed Exxon Marks and Trade Dress is without the permission or authority of ExxonMobil.

35.     Defendant's unauthorized use of the Infringed Exxon Marks and Trade Dress began after those marks and that trade dress became famous.

### III.     Effect of Defendant's Activities on ExxonMobil and the Consuming Public

36.     Defendant's unauthorized use of the Infringed Exxon Marks and Trade Dress is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of

the parties as to some affiliation, connection, or association of Defendant's business with ExxonMobil, or as to the origin, sponsorship, or approval of Defendant's goods and/or services.

37. Defendant's unauthorized use of the Infringed Exxon Marks and Trade Dress falsely indicates to the purchasing public that Defendant, his business, and his goods or services originate with ExxonMobil, or are affiliated, connected, or associated with ExxonMobil, or are sponsored, endorsed, or approved by ExxonMobil, or are in some manner related to ExxonMobil or its goods or services.

38. Defendant's unauthorized use of the Infringed Exxon Marks and Trade Dress falsely designates the origin of Defendant's goods and/or services, and falsely or misleadingly describes and represents facts with respect to Defendant and his goods and/or services.

39. Defendant's unauthorized use of the Infringed Exxon Marks and Trade Dress is likely to cause dilution of ExxonMobil's famous Exxon Marks and Exxon Trade Dress.

40. Defendant's unauthorized use of the Infringed Exxon Marks and Trade Dress enables Defendant to trade on and receive the benefit and goodwill built up at great labor and expense over many years by ExxonMobil, and to gain acceptance for Defendant's goods and/or services not solely on Defendant's own merits, but on the reputation and goodwill of ExxonMobil and its marks, trade dress, goods, and services.

41. Defendant's unauthorized use of the Infringed Exxon Marks and Trade Dress removes from ExxonMobil the ability to control the nature and quality of goods and services provided under its marks and trade dress, and places the valuable reputation and goodwill of ExxonMobil in the hands of Defendant, over whom ExxonMobil has no control.

42. Unless these unfair and deceptive practices and acts of unfair competition by Defendant are restrained by this Court, they will continue, and will continue to cause irreparable injury to ExxonMobil and to the public, for which there is no adequate remedy at law.

43. As a result of Defendant's unauthorized use of the Infringed Exxon Marks and Trade Dress, Defendant is being unjustly enriched at the expense of ExxonMobil and the public.

### IV.  Willful Nature of Defendant's Wrongful Acts

44. Upon information and belief, Defendant's acts of infringement, counterfeiting, dilution, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of ExxonMobil's rights. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### COUNT I:  INFRINGEMENT OF REGISTERED MARKS

45. ExxonMobil repeats the above allegations as if fully set forth herein.

46. The acts of Defendant complained of herein constitute infringement of ExxonMobil's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. ExxonMobil has been damaged by Defendant's acts of federal trademark infringement.

48. Defendant's infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT II:  VIOLATION OF LANHAM ACT SECTION 43(a)

49. ExxonMobil repeats the above allegations as if fully set forth herein.

50. The acts of Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. ExxonMobil has been damaged by Defendant's acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

52. Defendant's acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT III:  FEDERAL TRADEMARK COUNTERFEITING

53. ExxonMobil repeats the above allegations as if fully set forth herein.

54. The acts of Defendant complained of herein constitute use of counterfeit marks in advertising and on or in connection with the sale, offering for sale, and distribution of products and services in commerce.

55. Upon information and belief, Defendant is intentionally using the Infringed Exxon Marks and Trade Dress knowing that he is selling or offering to sell counterfeit products and services.

56. The acts of Defendant complained of herein constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

57. ExxonMobil has been damaged by Defendant's acts of trademark counterfeiting.

### COUNT IV:  FEDERAL TRADEMARK DILUTION

58. ExxonMobil repeats the above allegations as if fully set forth herein.

59. The acts of Defendant complained of herein constitute dilution by blurring and dilution by tarnishment of ExxonMobil's famous Exxon Marks and Exxon Trade Dress in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

60. Defendant willfully intended to trade on the recognition of the famous Exxon Marks and Exxon Trade Dress, and to harm the reputation of the famous Exxon Marks and Exxon Trade Dress.

61. ExxonMobil has been damaged by Defendant's acts of federal trademark dilution.

### COUNT V: TRADEMARK INFRINGEMENT UNDER STATE LAW

62. ExxonMobil repeats the above allegations as if fully set forth herein.

63. The acts of Defendant complained of herein constitute trademark infringement in violation of South Carolina Code § 39-5-20.

64. ExxonMobil has been damaged by Defendant's acts of trademark infringement.

### COUNT VI:  COMMON LAW UNFAIR COMPETITION AND INFRINGEMENT

65. ExxonMobil repeats the above allegations as if fully set forth herein.

66. The acts of Defendant complained of herein constitute unfair competition and trademark infringement in violation of the common law of the State of South Carolina.

67. ExxonMobil has been damaged by Defendant's acts of common law unfair competition and trademark infringement.

### COUNT VII:  TRADEMARK DILUTION UNDER STATE LAW

68. ExxonMobil repeats the above allegations as if fully set forth herein.

69. The acts of Defendant complained of herein constitute trademark dilution in violation of South Carolina Code § 39-15-1165.

70. ExxonMobil has been damaged by Defendant's acts of trademark dilution.

## COUNT VIII:  UNJUST ENRICHMENT

71. ExxonMobil repeats the above allegations as if fully set forth herein.

72. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at ExxonMobil's expense.

73. ExxonMobil has been damaged by Defendant's acts of unjust enrichment.

## PRAYER

WHEREFORE, ExxonMobil prays that:

a) Defendant, Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the Exxon Marks and Exxon Trade Dress, any element thereof, and any other mark or trade dress confusingly similar thereto;

b) Defendant, Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be required to immediately and permanently remove the Exxon Logo and the Exxon Canopy Wrap from the Infringing Site and to otherwise eliminate all elements and instances of the Exxon Marks and Exxon Trade Dress from the Infringing Site;

c) Defendant be ordered to file with this Court and to serve upon ExxonMobil, within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

d) ExxonMobil recover all damages it has sustained as a result of Defendant's infringement, dilution, false designation of origin, false or misleading descriptions

        or representations of fact, unfair competition, and unfair and deceptive business practices, and that such damages be trebled;

e) An accounting be directed to determine Defendant's profits resulting from Defendant's activities, and that such profits be paid over to ExxonMobil, increased as the Court finds to be just under the circumstances of this case or trebled under 15 U.S.C. § 1117 as a result of Defendant's counterfeiting;

f) Alternatively, if greater, ExxonMobil recover statutory damages under 15 U.S.C. § 1117 as a result of Defendant's counterfeiting;

g) ExxonMobil recover its reasonable and necessary attorneys' fees;

h) ExxonMobil recover its costs of this action and prejudgment and post-judgment interest; and

i) ExxonMobil recover such other relief as the Court may find appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), ExxonMobil demands a trial by jury on all issues triable of right by a jury.

*[SIGNATURE ON FOLLOWING PAGE]*

                                    Respectfully submitted,

Date: October 9, 2015                    s/Matthew D. Patterson
                                            Matthew D. Patterson
                                            Federal Bar No. 7788
                                            E-Mail: matt.patterson@nelsonmullins.com
                                            A. Mattison Bogan
                                            Federal Bar No. 9826
                                            E-Mail: matt.bogan@nelsonmullins.com
                                            Brian M. Barnwell
                                            Federal Bar No. 10624
                                            E-Mail: brian.barnwell@nelsonmullins.com
                                            NELSON MULLINS RILEY &
                                            SCARBOROUGH LLP
                                            1320 Main Street / 17th Floor
                                            Post Office Box 11070 (29211-1070)
                                            Columbia, SC  29201
                                            (803) 799-2000
                                            **ATTORNEYS FOR PLAINTIFF**
                                            **EXXON MOBIL CORPORATION**